The defendant in error sued the plaintiff in error before a justice of the peace for a balance alleged to be due him for salary and commissions for selling sewing machines. There was a contract between the parties, made up by using a printed blank which was prepared originally to be used for a somewhat different purpose, and filling in and altering the same for the purpose of these parties; this resulted in a want of clearness in certain of the terms of the contract. By this contract Smith was constituted the agent of Austin to sell sewing machines for him in Toledo, and in said contract is the following provision: “Said second party (Smith) shall *758 receive the following salary and commissions for all sales made — a salary of $6 a week, with a guarantee of at least one good sale of a new machine each week. If there is no sale there is no salary to be paid, and a commission of $5 on each sale made. Said second party is to have the first-$5 paid on sales made from his soliciting.”
The employment under this contract lasted several months, and during some weeks Smith made several sales, and during others he made none; but taking the total number of sales made and the whole number of weeks employed, an average of more than one sale a week was made. Almost every week Austin made payments to Smith of small sums of money and took receipts therefor, a sample whereof is as follows:
“Toledo, Ohio, Feb. 28th, 1891.
“Received of A. Austin six dollars, salary in full to date.
“$6.00. (Signed.) A. L. Smith.”
These receipts were given in evidence in the trial. Some of them also stated that they were in full for commissions on certain designated sales.
The court of common pleas charged the jury in substance that said salary was to be paid for each week of the employment, if, on an average for the whole time there was a sale a week, although during some weeks there may have been no sale.
Held by the circuit court, that this construction of the contract was erroneous, and during weeks wherein no sale was made, no salary was earned. The court of common pleas so charged the jury at the request of the plaintiff below: “That a receipt reading ‘in full’ in which an amount is also stated, is to be taken as a receipt for the amount only, unless it he further proved by other testimony that there was, in fact, a settlement in full.” And also gave other instructions to a similar effect; “that words written in a receipt signed by the party are no admissions of that party of the facts thereby stated, unless evidence aliunde the receipt is given showing that such words were put in purposely by the signer, or were known to him, or that the fact recited in the receipt existed.”
Held by the circuit court that these instructions were erroneous, and the judgment should be reversed.
The verdict is set aside, and the cause remanded for a new trial.